*DBW Investments, LLC v. VNUE, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's local rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-four.

PRESENT:

        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        MARIA ARAÚJO KAHN,
        *Circuit Judges,*

_____

DBW INVESTMENTS, LLC, GOLOCK CAPITAL, LLC,

        *Plaintiffs-Counter Defendants-Appellees,*

        v.                                      23-857

VNUE, INC.,

        *Defendant-Counter Claimant-Appellant,*

CROSSOVER CAPITAL FUND II, LLC, DAVID WHITLOCK, CHRISTOPHER GOROG, KENNETH LUSTIG,

*Counter-Defendants.*

---

FOR PLAINTIFFS-COUNTER-
DEFENDANTS-APPELLEES:

DANIEL S. STEINBERG, The Law
Offices of Daniel S. Steinberg P.C.,
New York, NY.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLANT:

MARK R. BASILE, (Marjorie M.
Santelli, *on the brief)*, The Basile Law
Firm, P.C., Jericho, NY.

Appeal from the June 1, 2023, judgment of the United States District Court for the District of Connecticut (Denise Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 1, 2023, is **AFFIRMED**.

Defendant-Appellant VNUE, Inc. ("VNUE") appeals from a judgment of the district court, entered following a bench trial, awarding Plaintiffs-Appellees DBW Investments, LLC and GOLOCK Capital, LLC (collectively, "Appellees") damages in excess of $1.7 million, including attorneys' fees, for breach of contract.[1] On appeal, VNUE challenges the district court's conclusion that VNUE breached the terms of several

---

[1] Although VNUE's notice of appeal was filed prematurely, this Court retains jurisdiction over the present appeal as the district court entered a final judgment, and subsequently amended its judgment, before the appeal was heard. *See* Fed. R. App. P. 4(a)(2); *see also Zeno v. Pine Plains Cent. School Dist.*, 702 F.3d 655, 663 n.6 (2d Cir. 2012) ("Although the [appellant] filed a premature notice of appeal, because the district court entered an amended final judgment before the appeal was heard and [the appellee] suffered no prejudice, the jurisdictional defect has been cured.").

promissory notes by "fail[ing] to deliver" certain stock purchase warrants to Appellees. *Golock Cap., LLC v. VNUE, Inc.*, No. 21cv8103 (DLC), 2023 WL 3750333, at \*4 (S.D.N.Y. June 1, 2023). In particular, VNUE contends that the court erred in finding that VNUE "refused to allow the Warrants to be exercised." *Id.* We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's findings of fact following a bench trial for clear error. *See Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.*, 82 F.4th 144, 153 (2d Cir. 2023). Under the clear error standard, we are required to accept the district court's factual findings unless "'we are left with the definite and firm conviction that a mistake has been [made].'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 119 (2d Cir. 2021) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 396 (1948)). "[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety," we "may not reverse it." *Siemens*, 82 F.4th at 153 (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573–74 (1985)).

Here, VNUE argues, *inter alia*, that the evidence presented by Appellees at trial was insufficient to support the district court's finding that it refused to issue shares under the warrants. In response, Appellees assert that VNUE's claim is unpreserved for appellate review because VNUE did not raise the argument below. We need not decide the preservation issue, as it is readily apparent that VNUE's arguments on appeal are meritless.

3

VNUE's obligation to deliver the warrants—including the specific share amounts and exercise price—appears on the face of the contract amendments admitted at trial. *See* App'x 100, 141. Appellees presented direct testimony from one of their managing members, in the form of a declaration, that VNUE had not issued the warrants, *see* App'x 1128, as well as unrebutted damages calculations that unambiguously include the value of the undelivered warrants, *see* App'x 1135. VNUE failed to challenge any of this evidence and presented no arguments or evidence to the contrary. Instead, VNUE relied exclusively on the affirmative defense of usury as to all of Appellees' claims.[2] Accordingly, the district court properly held that VNUE breached its contractual obligations with respect to the warrants and, when awarding damages, correctly "factor[ed] in . . . the value of the Warrants VNUE *was to issue* to the Plaintiffs." *Golock Cap., LLC*, 2023 WL 3750333, at *4 (emphasis added). The district court's account of the warrants evidence is more than "plausible in light of the record viewed in its entirety," and thus there is no clear error. *Anderson*, 470 U.S. at 574.

\* \* \*

---

[2] In its pre-trial submissions, VNUE noted that it "does not dispute that it violated the [l]oans by failing to honor conversions and repay the amounts due by the maturity date. Thus, the Court must now determine whether [VNUE] has established the affirmative defense of criminal usury." App'x at 758.

We have considered VNUE's remaining arguments and find them to be without

merit.  For the reasons set forth above, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>